# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 9 C 6773 | **DATE** | 3/29/2011 |
| **CASE TITLE** | John L. Elias vs. Stewart Title of Illinois et al | | |

**DOCKET ENTRY TEXT**

For the reasons stated, the Court grants E*Trade, Green Tree, and FNMA's Motions to Dismiss and grants Ziabaras's and PNC's Motions for Judgment on the Pleadings. The case is dismissed with prejudice.

■ [ For further details see text below.]    Docketing to mail notices.

# STATEMENT

Plaintiff John Elias ("Elias") filed suit against Stewart Title of Illinois ("Stewart"), National City Bank ("NCB"), National City Mortgage ("NCM"), National Lending Corporation ("NLC"), National Lending Corporation of Illinois ("NLCIL"), Tracee Young ("Young"), Christina Ziabaras ("Ziabaras"), E*Trade Financial Corporation ("E*Trade"), Federal National Mortgage Association ("FNMA"), Green Tree Servicing LLC ("Green Tree"), and other unnamed defendants (collectively "Defendants") under the Truth in Lending Act, 15 U.S.C. 1601 *et seq.* ("TILA") (Count I), the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ICLS 505/1 *et seq.* ("ICFA") (Count II), common law fraud (Count III), notary fraud (Count IV), civil conspiracy (Count V), and the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. 1961, *et seq.* ("RICO") (Count VI). PNC Bank ("PNC") is the successor to NCB and NCM.

In an Order dated November 1, 2010 ("Order"), the Court granted Stewart's Motion to Dismiss Counts II, III, IV, V, and VI.[1] In the same Order, the Court also granted PNC's Motion to Dismiss Counts II, III, IV, and VI and granted in part PNC's Motion to Dismiss Count V for all civil conspiracy claims except those regarding TILA violations, which were not before the Court at that time.[2]

E*Trade, Green Tree, and FNMA now move to dismiss all Counts pursuant to Rule 12(b); Ziabaras moves for judgment on the pleadings on all Counts pursuant to Rule 12(c); and PNC moves for judgment on the pleadings on the remaining Counts against it—Count I and the portion of Count V relating to TILA—pursuant to Rule 12(c). For the following reasons, the Court grants the Motions to Dismiss with prejudice and grants the Motions for Judgment on the Pleadings with prejudice.

The Court relies on the statement of facts in its previous Order. The Court also clarifies that its previous Order did not address the timeliness of Elias's TILA claims because those claims were not before the Court on Stewart's or PNC's Motions to Dismiss. Therefore, Elias's reliance on "the law of the case" to hold otherwise

| STATEMENT |
|---|

is misplaced.

Elias's TILA claims are time-barred against all parties. Under TILA, a borrower typically has three days to rescind a loan following execution of the transaction or delivery of the required disclosures. 15 U.S.C. § 1635(a). This right to rescind is extended to three years after the date of consummation of the transaction if any of the required disclosures are not delivered to the borrower. *Id*. § 1635(f). A transaction is consummated on the date the loan is closed. *See, e.g., Personius v. Homeamerican Credit, Inc.*, 234 F. Supp. 2d 817, 820 (N.D. Ill. 2002) (plaintiffs become contractually obligated on the closing date of their mortgages). TILA also permits monetary damages if a claim is brought within a year of the date of the violation. 15 U.S.C. § 1640(e); *see, e.g., Spann v. Cmty. Bank of N. Va.*, 2004 WL 691785 at *8 (N.D. Ill. Mar. 30, 2004) (St. Eve, J.) (dismissing TILA damage claims as time-barred because loans were obtained more than one year before plaintiffs filed suit).

Here, Elias claims that he became aware of the allegedly premature loan funding on October 27, 2006. That gave Elias one year—until October 27, 2007—to seek damages. Because Elias waited until October 27, 2009 to file suit, his claim for damages pursuant to TILA is time-barred. Elias also claims that he was not provided with the appropriate documents at the loan signing. As such, his right to rescind his loans expired three years from the date of consummation. Elias consummated his loans on the date that he signed and closed them, October 24, 2006. Pursuant to TILA, Elias had until October 24, 2009 to file suit and seek to rescind his loans; his decision not to file until October 27, 2009 is fatal to his claim. Elias's TILA claims in Count I are therefore time-barred and dismissed with prejudice.[3]

The Court previously granted Stewart's and PNC's Motions to Dismiss Counts II, III, and IV, which alleged violations of the ICFA, common law fraud, and notary fraud. Here, the remaining Defendants move to dismiss or for judgment on the pleadings on these Counts. Elias, in his response briefs, did not challenge the arguments put forth by Defendants relating to ICFA, common law fraud, or notary fraud, nor did he address the Court's previous Order dismissing these claims against Stewart and PNC. The Court now reaffirms its earlier holding that Elias failed to plead his fraud counts with particularity as required by Rule 9(b). *See Swanson v. Citibank, N.A.*, 614 F.3d 400, 406 (7th Cir. 2010) ("a plaintiff must plead actual damages arising from her reliance on a fraudulent statement.").

The Court also reaffirms that the general allegations in Elias's Amended Complaint failed to describe the role that each Defendant played in the alleged fraud counts. *See Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 730 (7th Cir. 1994) ("in a case involving multiple defendants . . . 'the complaint should inform each defendant of the nature of his alleged participation in the fraud.'") (citing *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993) ("Rule 9(b) is not satisfied where the complaint vaguely attributes the alleged fraudulent statements to 'defendants.'")); *see, e.g., Whitley v. Taylor Bean & Whitacker Mortgage Corp.*, 607 F. Supp. 2d 885, 898 (N.D. Ill. 2009) ("[a]ttributing allegations to defendants as a single group is generally insufficient to meet the heightened pleading standard of Rule 9(b)."). Therefore, Elias's fraud claims in Counts II, III, and IV, attributing allegations to the Defendants as a single group, are dismissed with prejudice.

Elias is unable to support his non-TILA civil conspiracy claims in Count V against "all Defendants" for the reasons stated in the Court's prior Order. As noted above, the Court previously granted Stewart's and PNC's Motions to Dismiss Count V but withheld analysis of Elias's allegations of civil conspiracy to commit TILA violations, which were not before the Court at that time. The Court now reaffirms its earlier holding that Elias's non-TILA civil conspiracy claims, which sound in fraud, do not meet the heightened pleading standard of Rule 9(b). *See Swanson*, 614 F.3d at 406. Moreover, Elias's non-TILA civil conspiracy claims are not alleged with the required specificity regarding the acts that each defendant engaged in. *See Vicom*, 20 F.3d at 730.

**STATEMENT**

Having addressed Elias's TILA allegations in Count I, the Court now dismisses Elias's civil conspiracy claim to commit a violation of TILA in Count V because any underlying TILA claim is time-barred. *See Indek N. Am. Power Fund, L.P. v. Norweb PLC*, 735 N.E.2d 649, 662 (Ill. App. Ct. 2000) (holding that "conspiracy is not an independent tort" and that a plaintiff's conspiracy claim fails where the plaintiff does not "state an independent cause of action underlying its conspiracy allegations"). Therefore, the Court dismisses all of the claims asserted in Count V with prejudice.

Elias is unable to support his RICO claim in Count VI for the reasons stated in the Court's prior Order. The two acts that Elias alleges the Defendants engaged in do not constitute a pattern of racketeering activity. *See H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 239-42 (1989) (noting that § 1961(5) implies that two acts may not be sufficient to establish a RICO pattern and that a few weeks or months between predicate acts is insubstantial and does not satisfy the continuity requirement). Therefore, the Court dismisses Elias's RICO claims in Count VI with prejudice.

For the reasons stated, the Court grants E*Trade, Green Tree, and FNMA's Motions to Dismiss and grants Ziabaras's and PNC's Motions for Judgment on the Pleadings. The case is dismissed with prejudice.

1. Elias voluntarily dismissed Count I against Stewart.

2. PNC had not moved to dismiss Count I.

3. The Court need not address whether the Defendants are all creditors or if the alleged TILA violation were apparent on the face of the loan documents because Elias's TILA claim is time-barred.